# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**SUNTRUST BANK,**

       **Plaintiff,**

**-vs-**              **Case No. 6:09-cv-1405-Orl-28GJK**

**WILLIAM F. PARK,**

       **Defendant.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

   This cause came on for consideration without oral argument on the following motion

filed herein:

<table>
<tr><td>

**MOTION:**   **PLAINTIFF'S MOTION FOR FINAL DEFAULT JUDGMENT (Doc. No. 9)**

**FILED:**    **September 8, 2009**

_____

**THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

</td></tr>
</table>

## I.  BACKGROUND

   On August 11, 2009, Plaintiff SunTrust Bank ("Plaintiff") filed a complaint (the

"Complaint") against Defendant William F. Park a/k/a William Francis Park a/k/a William Park

(herein, the "Defendant") to recover the unpaid balance on the Access 3 Equity Line Account

Agreement and Disclosure Statement dated August 28, 2006 (the "Agreement"), and the Access

3 Equity Line Account Agreement and Disclosure Statement dated January 30, 2007 (the

"Modified Agreement") (collectively, the "Instruments"), plus interest, attorney's fees and costs. Doc. No. 1. Under the Agreement, Defendant borrowed a three hundred thousand dollar ($300,000.00) line of credit from the Plaintiff. Doc. No. 1 at 5-11. Under the Modified Agreement, the Defendant's line of credit was increased to five hundred thousand dollars ($500,000.00). Doc. No. 1 at 12-20; *see* Modification of Mortgage at 19. On August 11, 2009, the Complaint was served on Defendant. Doc. No. 2.

Defendant failed to respond to the Complaint and, on September 2, 2009, default was entered against Defendant. Doc. No. 8. On September 8 2009, Plaintiff filed a Motion for Final Default Judgment (the "Motion") pursuant to Rule 55(b), Federal Rules of Civil Procedure. Doc. No. 9. Attached to the Motion is an affidavit of Plaintiff wherein Plaintiff states the following:

> That, based upon review of these records, on August 28, 2006, Defendant William F. Park executed [the Agreement] with [Plaintiff] in the sum of $300,000.00 and that on January 30, 2007 Defendant increased the amount of the indebtedness due and owing to $500,000.00 under this account . . .

> That based upon review of these records, Defendant is indebted to [Plaintiff] under the [Agreement] and [Modified Agreement] in the principal sum of $500,000.00, plus interest upon the principal, accruing at the rate of 3.25% from September 30, 2008, through the date of judgment, for default on payments owed by Defendants [sic] to [Plaintiff].

Doc. No. 9-2 at ¶¶ 4-5. Based on the foregoing, Plaintiff requests an entry of default final judgment. Defendant has failed to respond to the Motion. The Motion is presently before the Court.

## II. LAW AND ANALYSIS

When a party against whom a judgment for affirmative relief is sought fails to plead or otherwise defend as provided by the Federal Rules of Civil Procedure, and that fact is made to

appear by affidavit or otherwise, the Clerk enters default. Fed.R.Civ.P. 55(a). The mere entry of a default by the Clerk does not in itself warrant the entry of a default judgment by the Court. Rather, the Court must find that there is a sufficient basis in the pleadings for the judgment to be entered. *Nishimatsu Construction v. Houston National Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).[1] A default judgment has the effect of establishing as fact the plaintiff's well-plead allegations of fact, and bars the defendant from contesting those facts on appeal. *Buchanan v. Bowman*, 820 F.2d 39, 361 (11th Cir. 1987) (*citing Nishimatsu*, 515 F.2d at 1206).

Rule 55 (b)(2) addresses the entry of default judgment by the court and states:

> In all other cases, the party must apply to the court for a default judgment. A default judgment may be entered against a minor or an incompetent person only if represented by a general guardian, conservator, or other like fiduciary who has appeared. If the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 3 days before the hearing. <u>The court may conduct hearings or make referrals</u>–preserving any federal statutory right to a jury trial–<u>when, to enter</u> or effectuate <u>judgment , it needs to</u>:
> A) conduct an accounting;
> B) <u>determine the amount of damages;</u>
> C) establish the truth of any allegation by evidence; or
> D) investigate any other matter.

Fed. R. Civ. P. 55(b)(2) (emphasis added). "As a general rule, the court may enter a default judgment awarding damages without a hearing only if the amount of damages is a liquidated sum, an amount capable of mathematical calculation, or an amount demonstrated by detailed affidavits." *Directv, Inc. V. Huynh*, 318 F. Supp.2d 1122, 1129 (M.D. Ala. 2004) (*citing Directv, Inc. v. Griffin*, 290 F. Supp.2d 1340, 1343 (M.D. Fla. 2003)).

After reviewing the Complaint, the Motion, and the attached affidavit, the undersigned finds that entry of default final judgment is proper. Defendant has a past due balance of

---

[1] In *Bonner v. City of Pritchard*, 661 F.2d 1206, 1209 (11th Cir. 1981), the Eleventh Circuit adopted all cases decided by the former Fifth Circuit before October 1, 1981.

$500,000.00 in principal.  Accordingly, Plaintiff is entitled to recover the total principal balance, plus interest at a rate of 3.25 percent per annum on the principal amount from September 30, 2008, through the date of judgment. *See* Doc. No. 9-2 at 2, ¶ 5. Thereafter, Plaintiff is entitled to post-judgment interest at the rate allowed by law.

**THEREON** it is **RECOMMENDED** that:

1.      Plaintiff's Motion be GRANTED;

2.      Plaintiff be awarded the total principal balance of $500,000.00;

3.      Plaintiff be awarded interest in the amount of 3.25 percent per annum from September 30, 2008, through the date of judgment; and

4.      Plaintiff be awarded post-judgment interest at the rate allowed by law.

It is further **ORDERED** that the Clerk of the Court shall serve a copy, by certified mail, of this Report and Recommendation on: William F. Park, 6103 N. Linneal Beach Drive, Apopka, Florida 32703 AND 850 State Road 436, Casselberry, Florida 32707.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on November 24, 2009.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE


Copies furnished to:
Presiding District Judge
Unrepresented Party by Certified Mail